IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian C. Mack, | ) C/A No.: 1:24-cv-3870-CMC-SVH |
| Plaintiff, | ) |
| vs. | ) |
| David Beasley; Michael Moore; South Carolina Department of Corrections; South Carolina State Park Aging and Health; Dr. Tomachio; Acting Administrator for State Park Aging, Health; and Manning Correctional Institution, | ) REPORT AND RECOMMENDATION |
| Defendants. | ) |

Brian C. Mack ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against former South Carolina Governor David Beasley ("Governor Beasley"), former Commissioner of the South Carolina Department of Corrections ("SCDC") Michael Moore ("Mr. Moore"), SCDC, South Carolina State Park Aging and Health ("SCSPAH"), SCDC physician Dr. Tamachio ("Dr. Tamachio"), Acting administrator for State Park Aging, Health,[1] and Manning Correctional

---

[1] Plaintiff indicates within the complaint that he is attempting to sue "Acting Admin. of Aging Hosp. of State Park Corr. Inst." [ECF No. 1 at 4]. According to information available on the website for the South Carolina Department of Corrections, State Park Correctional Institution was closed in 2001 due to

Institution ("MCI") (collectively "Defendants").[2] Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual Background

Plaintiff, a pretrial detainee currently incarcerated at Lexington County Detention Center, filed a complaint on July 8, 2024. [ECF No. 1]. He brings suit pursuant to 42 U.S.C. § 1983, alleging Defendants violated his rights under the Constitution or federal law through "Negligance, Biasness, Deprivation due to ethnic background, colour; The non Approval of Surgeon General's Rules & Regulations of S.C." *Id.* at 6. He further maintains Defendants "Contract[ed] 'Third Party/private sectors' non approved by The Medical Associations I.E. Surgeon Generals; Illegal, for Profit Gain." *Id.*

Plaintiff appears to allege when Governor Beasley served as Governor of South Carolina and his brother-in-law Mr. Moore served as Commissioner of

---

budget cuts. *See* South Carolina Department of Corrections, *Department of Corrections History*, available at https://www.doc.sc.gov>About Us>Research and Statistics>The History of SCDC (last accessed Aug. 20, 2024). A court may take judicial notice of factual information located in postings on government websites. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

[2] As explained in the order and notice, it was not entirely clear from Plaintiff's filings who he intended to name as defendants. The defendants addressed herein are those reflected in the case caption as set forth on pages 1 and 2 of the complaint form.

SCDC, they conspired with SCDC officials in an illegal racketeering and money laundering scheme under which they contracted with private-sector providers to provide substandard care within SCDC facilities that caused him injury. *Id.* at 6–11. He claims that in 1998, while he was incarcerated at MCI, he was transferred to State Park Correctional Institution ("SPCI") for right knee arthroscopic surgery that included microscopic replacement of torn ligaments and cartilage. *Id.* at 10. He states the procedure was performed in front of transportation officials from MCI, and he received no Ace bandages or support mechanisms for stability or alignment following the surgery. *Id.* He further asserts his recovery was painful due to either not receiving what was ordered by the medical providers at SPCI or having his medications taken by Dr. Tamachio or a nurse for personal use. *Id.* at 11. He maintains he suffered emotionally, physically, and mentally, and was scared to seek subsequent medical and mental health treatment. *Id.* He indicates he finally sought evaluation of his right knee within the last six months and has been advised that he needs total knee replacement. *Id.*

Plaintiff requests the court discipline Defendants, award him $500,000 in damages from each defendant, and order he receive surgery. *Id.* at 10.

On August 22, 2024, the undersigned issued a proper form order and order and notice. [ECF Nos. 8, 9]. The proper form order directed Plaintiff to properly complete and file a proposed summons form and forms USM-285.

[ECF No. 8]. The order and notice advised Plaintiff that the complaint failed to provide clarity as to the defendants, did not include sufficient factual allegations to state a claim on which relief may granted, and appeared to be barred by the applicable statutes of limitations. [ECF No. 9]. It noted that "all of Plaintiff's claims" appeared to be "subject to summary dismissal," but that he was being afforded an opportunity to amend "out of an abundance of caution to permit him to clarify issues that appear[ed] ambiguous from the face of the complaint." *Id.* at 12–13. The orders permitted Plaintiff until September 12, 2024, to file an amended complaint and documents required for service of process. [ECF Nos. 8, 9].

On September 11, 2024, Plaintiff filed motions: (1) for an extension of time to comply with the proper form order and order and notice; (2) to compel release of records requested pursuant to the Freedom of Information Act; and (3) for appointment of counsel. [ECF Nos 11, 12, 13]. The undersigned issued orders denying Plaintiff's motions for appointment of counsel and to compel release of information [ECF Nos. 15, 16] and an order granting his motion for an extension of time and permitting him until October 7, 2024, to comply with the proper form order and order and notice [ECF No. 14].

On September 30, 2024, Plaintiff filed a motion for reconsideration of the court's order denying his motion for appointment of counsel. [ECF No. 18]. The

undersigned issued a text order denying the motion for reconsideration. [ECF No. 19].

A review of the docket reveals that the time period for responding to the proper form order and order and notice has expired and Plaintiff has not filed an amended complaint, a proposed summons, or forms USM-285.

II.     Discussion

   A.     Standard of Review

Plaintiff filed the complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating

a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

        1.    Failure to Prosecute/Failure to Comply with Court Orders

The proper form order specified: "If Plaintiff does not bring this case into

proper form within the time permitted by this order, this case may be dismissed for failure to prosecute and failure to comply with a court order under Rule 41 of the Federal Rules of Civil Procedure." [ECF No. 8 at 1]. The order and notice provided: "If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims specified above be dismissed without leave for further amendment." [ECF No. 9 at 13]. In granting Plaintiff's motion for an extension of time, the court advised him that he was permitted until October 7, 2024, to comply with the proper form order and order and notice. [ECF No. 14]. A review of the docket shows no mail sent to Plaintiff's address of record has been returned to the court. Thus, it appears Plaintiff declined to comply with the court's prior orders despite having received an earlier extension, having been informed of the requirement that he respond by October 7, 2024, and having been warned that the case would be recommended for dismissal if he failed to respond.

It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition

to its inherent authority, this court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

Based on Plaintiff's failure to respond to the court's August 22 and September 16, 2024 orders, the undersigned concludes he does not intend to pursue the above-captioned matter. Accordingly, the undersigned recommends this case be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

        2.    Failure to State a Claim on Which Relief May be Granted

In addition, the undersigned recommends the court summarily dismiss Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Although it appears from Plaintiff's complaint that he has attempted to state causes of action against Defendants under both 42 U.S.C. § 1983 and the civil Racketeer Influenced Corrupt Organizations ("RICO") statute, 18 U.S.C. § 1964(c), he has not alleged sufficient facts to support a claim under either statute.

To state a plausible claim for relief under 42 U.S.C. § 1983,[3] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any

---

[3] Plaintiff completed a complaint for violation of civil rights form. Therefore, his complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their

[of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." Inanimate objects such as buildings, facilities, and grounds are not "persons," and therefore cannot act under color of state law. *See Brooks v. Pembroke City Jail*, 722 F. Supp. 1295, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not amenable to suit."). "Neither a State nor its agencies are 'persons' within the meaning of § 1983." *Rose v. South Carolina Department of Corrections*, C/A No. 0:18-3315-RBH, 2020 WL 289273, at *4 (D.S.C. Jan. 21, 2020) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64, 70–71 (1989); *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 396 (4th Cir. 1990)). SCSPAH and MCI are facilities and SCDC is a state agency Therefore, they do not qualify as persons amenable to suit under § 1983.

Plaintiff has failed to plead sufficient facts to support a § 1983 claim against the remaining defendants. He appears to allege Defendants' actions led to negligent medical treatment. Mere negligence is not actionable under §

---

federally guaranteed rights and to provide relief to victims if such deterrence fails.

1983. *See Estelle v. Gamble*, 429 U.S. 97 (1976). Although Plaintiff alleges "biasness" and deprivation due to ethnic background/colour," he fails to set forth any facts to support these conclusory claims. He further asserts Defendants' "non Approval of Surgeon Generals Rules & Regulations of S.C" deprived him of rights, privileges, or immunities secured by the Constitution and federal laws, but this allegation is also conclusory, as Plaintiff does not explain or plead facts to support it.

To the extent Plaintiff alleges Defendants conspired to violate his civil rights, he has failed to allege sufficient facts to support the existence of a conspiracy. Conspiracy allegations must amount to more than "rank speculation and conjecture," and a plaintiff must provide factual allegations to "at least, reasonably lead to the inference that [the defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421–22 (4th Cir. 1996); *see also Davis v. Prometric, Inc.*, C/A No. 13-3611-MBS, 2014 WL 4716493, at *4 (D.S.C. Sept. 22, 2014) (finding that Plaintiff's assertion of state action was speculative and unsupported by factual allegations and therefore insufficient to establish that defendant was a state actor). Plaintiff's allegations are no more than rank speculation.

The civil RICO statute, 18 U.S.C. § 1964(c), creates a cause of action for "[a]ny person injured in his business or property by a violation of [18 U.S.C.] §

1962." *FX Aviation Cap., LLC v. Guerrero*, C/A No. 6:22-1254-HMH, 2023 WL 8455253, at *3 (D.S.C. Dec. 6, 2023). "Section 1962(c), in turn, prohibits "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce" from "conduct[ing] or participat[ing], directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." *Id.* Thus, to prevail on a civil RICO claim, a plaintiff must establish "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex, Co.*, 473 U.S. 479, 496 (1985), as well as (5) resulting injury to business or property, *Potomac Elec. Power Co. v. Elec. Motor & Supply, Inc.*, 262 F.3d 260, 264 (4th Cir. 2001). *Id.*

Assuming arguendo that Plaintiff could demonstrate the first four factors, he alleges he sustained a physical injury, as opposed to an injury to his business or property. Therefore, he cannot satisfy all factors required to support a cause of action under the civil RICO statute.

Plaintiff refers to actions that occurred over 25 years ago in 1998. Even if Plaintiff could state a claim under § 1983 or the civil RICO statute, such a claim falls outside the statutory period for bringing suit.

"Statute of limitations is the collective term commonly applied to a great number of acts, or parts of acts, that prescribe the periods beyond which a plaintiff may not bring a cause of action." *Garamendi v. SDI Vendome S.A.*,

276 F. Supp. 2d 1030, 1038 (C.D. Cal. 2003) (internal quotations and citations omitted). Although statute of limitations is considered an affirmative defense that must be specifically raised by a defendant, "in evaluating a complaint filed in forma pauperis pursuant to § 1915, a district court may consider a statute of limitations defense sua sponte when the face of the complaint plainly reveals the existence of such a defense." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). The face of the complaint reveals that Plaintiff cannot meet the statute of limitations for claims brought pursuant to § 1983 or under the civil RICO statute.

The text of § 1983 does not contain a statute of limitations, but the Supreme Court has held that "courts considering § 1983 claims should borrow the general or residual statute for personal injury actions" for the state in which the claim is brought. *Owens v. Okure*, 488 U.S. 235, 249–50 (1989). The statute of limitations for § 1983 claims arising in South Carolina is three years. *See Hamilton v. Middleton*, No. 4:02-1952-23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003). Because Plaintiff alleges Defendants' actions led to his injury in 1998, the statute of limitations for a § 1983 action expired in 2001. Therefore, Plaintiff's § 1983 claims fall outside the statutory period for bringing suit.

Turning to the civil RICO claim, this court has previously explained:

> The RICO statute does not contain an express statute of limitations. However, the Supreme Court has established a four-year statute of limitations for civil RICO actions. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987). With respect to when a claim under RICO accrues, the Fourth Circuit has adopted a theory of accrual known as the "injury discovery" rule. *Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp.*, 828 F.2d 211, 220 (4th Cir. 1987). The injury discovery rule provides that the statute of limitations begins to run "when a plaintiff knows or should know of the injury that underlies his cause of action." *Id.* Accordingly, the statute of limitations begins to run when the plaintiff discovers the injury, not when he discovers racketeering activity. *See Detrick v. Panalpina, Inc.*, 108 F.3d 529, 540 (4th Cir. 1997).

*Fitzgibbons on behalf of Dir. of S.C. Dep't of Ins. v. Atkinson*, C/A No. 8:17-2092-AMQ-JDA, 2018 WL 11433937, at *4 (D.S.C. May 11, 2018). Although Plaintiff may not have been aware of racketeering activity in 1998, it appears from his complaint that he was aware of problems with his medical treatment at that time. Therefore, the injury occurred in 1998, meaning the statute of limitations for bringing a civil RICO claim expired in 2002 and Plaintiff's civil RICO claim falls beyond the statutory period for bringing suit.

Because Plaintiff has failed to state a claim on which relief may be granted and the applicable statutes of limitations bar his claims, this action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

III. Conclusion and Recommendation

For the foregoing reason, the undersigned recommends the court dismiss the case without leave for further amendment for failure to prosecute and

failure to comply with a court order pursuant to Fed. R. Civ. P. 41(b), as well as for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(b)(ii).

    IT IS SO RECOMMENDED.

October 11, 2024　　　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).