IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Brian C. Mack, | Civil Action No. 1:24-cv-3870-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| David Beasley; Michael Moore; South Carolina Department of Corrections; South Carolina State Park Aging and Health; Dr. Tomachio; Acting Administrator for State Park; and Manning Correctional Institution, | |
| Defendants. | |

This matter is before the court on Plaintiff's Complaint, alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

The Magistrate Judge filed a Proper Form Order (ECF No. 8) and Order and Notice (ECF No. 9) notifying Plaintiff his claims were subject to summary dismissal but allowing him to clarify and attempt to correct defects in his Complaint by filing an Amended Complaint. He was warned failure to do so by September 12, 2024, would result in the Magistrate Judge recommending his claims be dismissed without leave for further amendment. ECF No. 9 at 13. Plaintiff filed a motion for extension of time to comply with the Proper Form Order, a motion to compel release of records under the Freedom of Information Act ("FOIA"), and a motion to appoint counsel. ECF Nos. 11, 12, 13. The Magistrate Judge granted the extension but denied the FOIA motion and motion to appoint counsel. ECF Nos. 14, 15, 16. Plaintiff filed a motion to reconsider the denial of

appointment of counsel, which was denied by the Magistrate Judge. ECF Nos. 18, 19. Plaintiff

failed to file an Amended Complaint by the extended deadline.

On October 11, 2024, the Magistrate Judge issued a Report and Recommendation

("Report") recommending this action be dismissed without prejudice and without leave for further

amendment, for lack of prosecution and failure to state a claim.  ECF No. 23. The Magistrate Judge

advised Plaintiff of the procedures and requirements for filing objections to the Report and the

serious consequences if he failed to do so.  Plaintiff failed to file objections or any other filing with

this court, and the time to do so has expired.

The Magistrate Judge makes only a recommendation to this court.  The recommendation

has no presumptive weight, and the responsibility to make a final determination remains with the

court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo*

determination of any portion of the Report of the Magistrate Judge to which a specific objection

is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made

by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28

U.S.C. § 636(b).  The court reviews the Report only for clear error in the absence of an objection.

*See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that

"in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

instead must only satisfy itself that there is no clear error on the face of the record in order to accept

the recommendation.") (citation omitted).

After a review of the record, the applicable law, and the Report and Recommendation of

the Magistrate Judge, the court finds no clear error. Accordingly, the court adopts the Report by

2

reference in this Order.  This action is dismissed without prejudice for failure to prosecute and

failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(b)(ii).

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
November 7, 2024

3